COLEMAN, Justice,
dissenting:
¶ 22. I agree with the plurality that Rule 9.06 of the Uniform Rules of Circuit and County Court Practice requires the trial court to hold a competency hearing after it finds reasonable grounds to believe the defendant is incompetent to stand trial and orders a mental examination. So mandates the plain language of the rule and — unless we overturn it — our opinion in Sanders v. State, 9 So.3d 1132 (Miss.2009). *169 Thus, the trial judge erred in refusing Coleman’s request for a competency hearing. However, I find that the error was harmless because the purposes of Rule 9.06 were satisfied. In Hearn v. State, we held that a hearing does not necessarily have to take place before trial as long as “the purposes of Rule 9.06[a]re satisfied.” Hearn v. State, 3 So.Bd 722, 730 (Miss. 2008). It is my opinion that, in the instant case, the purposes of the rule were satisfied. Therefore, I do not agree that the case should be remanded for a new competency hearing and new trial.
¶ 23. In Tutor v. State, 933 So.2d 1003 (Miss.Ct.App.2006), the trial court ordered an initial mental examination for the defendant and held a subsequent competency hearing. Id. at 1004 (¶ 2). The trial court determined Tutor lacked competence to stand trial and committed him to the state mental hospital. Id. Some time later, the state hospital staff sent a new report to the trial court, in which they indicated that, after three months of observing Tutor, they believed he was competent to stand trial. Id. at 1005 (¶ 5). The trial court did not hold another competency hearing, but Tutor nonetheless was tried and convicted of murder. Id. The Court of Appeals held that Rule 9.06 rendered the competency hearing mandatory and that the trial court committed error when it failed to hold one. Id. at 1006 (¶ 8). However, pursuant to an examination of the facts in the record pertinent to Tutor’s competence, the Court of Appeals held the error to be harmless and affirmed. Id. at 1006-1007 (¶¶ 9-13).
¶ 24. In Sanders v. State, 9 So.3d 1132 (Miss.2009), we affirmed the mandatory nature of the post-examination competency hearing and held that the trial court’s failure to hold a competency hearing required reversal and a new trial. Id. at 1136 (¶ 16). Sanders is distinguishable from the case sub judice. Coleman’s examiners prepared a report in which they concluded Coleman possessed “a sufficient present ability to consult with his attorney with a reasonable degree of rational understanding in the preparation of his defense, and that he had a rational as well as factual understanding of the nature and object of the legal proceedings against him.” Although a report was prepared in Sanders, it was not in the record for the Sanders Court to review. Id. at 1136 (¶ 9) n. 6. Moreover, in the instant case, Coleman received his competency hearing — albeit after his trial. Coleman did not present any witnesses or evidence at the hearing, and the trial court found him to have been competent at the time of his trial. In Sanders, there had been no such determination for the Court to consider on review.
¶ 25. In response to my dissent, the plurality essentially points to the failures of both the State and Coleman to produce evidence. In Mississippi, the defendant bears the burden to prove incompetence to stand trial (Richardson v. State, 767 So.2d 195, 203 (¶ 41) (Miss.2000)), and to “ensure the record contains sufficient evidence to support his assignments of error on appeal.” Birkhead v. State, 57 So.3d 1223, 1230-31 (¶ 27) (Miss.2011) (citations omitted). That the defendant failed as to both of his burdens should not be twisted into grounds to grant him a new trial. Coleman could have produced evidence at the after-the-fact competency hearing, but did not. It would not have taken much to demonstrate the trial court’s error to have been harmful, rather than harmless, but he produced nothing. Perhaps Coleman could have proffered evidence at trial, even in the face of the trial court’s denial of a hearing, but he did not seek to do so and, as a consequence, we will never know. It was Coleman’s burden to make a record demonstrating that the trial court’s error harmed him, and he failed to carry it.
*170 ¶ 26. Accordingly, I believe the trial court’s failure to conduct a competency hearing in the case sub judice was error, but it was harmless error because the purposes of Rule 9.06 were satisfied. I would affirm the judgments of the trial court and the Court of Appeals.
WALLER, C.J., RANDOLPH, P.J., AND PIERCE, J., JOIN THIS OPINION.